THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RONALD PETTY, Appellant.

Fourth Department, June 30, 1961.

*John C. Broughton* for appellant.

*Carman F. Ball, District Attorney* (*Irma R. Thorn* of counsel), for respondent.

*Per Curiam.* The indictment charged the defendant with having committed the crime of forgery in the second degree in that he had offered and uttered a check upon which the name of one C. J. Cobb had been forged as that of an officer of the drawer corporation, knowing at the time that the check had been forged. The check was made out to the order of Jimmie Nolan. The proof showed that the defendant represented to various persons to whom he offered the check that he was Jimmie Nolan and he produced purported identification to support that representation. However, the defendant had not yet indorsed the check in the name of Jimmie Nolan, when the last person to whom he offered the check became suspicious and sent for a policeman and had the defendant arrested.

After his arrest, the defendant gave a statement to the police in which he asserted that several checks had been given to him by a person whom he could identify only by his first name and who had promised to give him " $10.00 for each check I cashed ". The statement also said that he knew the checks were " stolen checks " and that he knew " there was no such person as Jimmie Nolan ". The proof also established that there was no one by the name of Cobb connected with the drawer corporation.

We believe that the evidence was sufficient to authorize the jury to find that, at the time of uttering the check, the defendant knew that the signature of Cobb was forged and

that therefore he was guilty of uttering a forged instrument under sections 881 and 887 of the Penal Law. While the defendant's statement indicated that he only knew that the check was "stolen", the jury had the right to draw the inference under the circumstances of this case that the defendant knew that the check had been stolen before any signature had been affixed thereto on behalf of the drawer corporation and that the purported officer's signature was forged.

However, we are compelled to reverse the conviction because of confusing references in the court's charge to section 883 of the Penal Law. That section is entitled "Uttering writing signed with wrong-doer's name" and provides in substance that one who offers an instrument or writing "subscribed or indorsed in his own name, or that of any other person, whether such signature be genuine or fictitious", is guilty of forgery, if he offers the check "under the pretense that such subscription or indorsement is the act of another person of the same name, or of a person not in existence". It might have been appropriate to invoke that section, if the defendant had indorsed the check in the name of Jimmie Nolan in advance of offering it, and had then offered it under the pretense that the indorsement was the act of another person or a fictitious person named Jimmie Nolan. But there was no indorsement of any kind on the check. Section 883 had nothing to do with the case and should not have been charged at all. When the defendant's counsel took exception to the court's charging section 883, the court should simply have withdrawn that part of its charge but instead it made a series of confusing statements about the matter. It said that it was a question of fact for the jury whether there was an indorsement of the check, although there plainly was no indorsement. When the jury came back for instructions, the court again read section 883 to the jury, together with the other sections, and when exception was again taken by the defendant's counsel, the court stated that while there was no indorsement, there was a subscription, and it implied that section 883 might be applicable to the case because of the subscription of Cobb's name. But there was no claim by the prosecution that the defendant had signed Cobb's name to the check. As the court itself stated, while there was a subscription on the check, "I think there is no proof this defendant made it". Nevertheless, the court's holding that section 883 might apply to the subscription may well have given the jury the impression that it had the right to find the defendant guilty upon the theory that the defendant had forged the name of Cobb, despite the absence of any evidence to that effect.

The judgment of conviction should be reversed on the law and the facts, and a new trial granted.

All concur. Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ.

Judgment of conviction unanimously reversed on the law and facts and a new trial granted.